UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Teal Petals St. Trust,

    Plaintiff

v.

Newrez LLC fka New Penn Financial dba Shellpoint Mortgage Servicing, et al.,

    Defendants

Case No.: 2:22-cv-00395-JAD-DJA

**Order Granting Motion for Partial Judgment on the Pleadings**

[ECF No. 40]

    This case is a remnant of Nevada's foreclosure crisis in which real estate investors snapped up homes for pennies on the dollar after the owners defaulted on their homeowner-association (HOA) assessments. Plaintiff Teal Petals St. Trust's predecessor in interest did just that in May 2012 when it purchased the home at 9863 Dublin Valley Street in Las Vegas for $7,700 at an HOA foreclosure sale.[1] The home had been purchased several years earlier with a $340,000 loan secured by a deed of trust.[2] After years of state-court litigation, it was determined that the deed of trust survived the HOA foreclosure sale and still encumbered the property.[3]

    But when Newrez LLC dba Shellpoint Mortgage Servicing, the holder of that note,[4] began to take steps to foreclose on that long-unpaid mortgage in 2022, the Trust filed this second-generation lawsuit. It theorizes that the deed of trust was extinguished in 2020 by operation of Nevada's ancient-lien statute, Nevada Revised Statute (NRS) 106.240, rendering it

---

[1] ECF No. 40-9 (HOA foreclosure deed).

[2] ECF No. 40-2 (deed of trust).

[3] *See* ECF No. 40-11 (*Teal Petals St. Trust v. BAC Home Loans Serv.*, Eighth Jud. Dist. Ct. Case No. A-13-682061-C); *see also* ECF Nos. 40-12–40-14 (*Teal Petals St. Trust v. Green Tree Servicing LLC*, Nev. S. Ct. Case No. 77532).

[4] ECF No. 40-31 (2020 assignment of deed of trust to Shellpoint).

unenforceable.[5] Shellpoint responded with six counterclaims, including one for quiet title.[6] And it nevertheless went through with the foreclosure sale in May 2023.

Shellpoint now moves for judgment on its quiet-title claim and all of the Trust's claims under Federal Rule of Civil Procedure 12(c), arguing that the Trust's legal "theory has been soundly rejected by numerous courts to the point that continuing to maintain this action in the face of binding precedent is without reasonable grounds."[7] Because the Trust's theory fails as a matter of law, I grant the motion.

**Discussion**

All of the Trust's claims are based on the theory that the deed of trust has been unenforceable since 2020 because it was extinguished by operation of NRS 106.240, which "provides a means by which liens on real property are automatically cleared from the public records after a certain period of time."[8] This statute conclusively presumes that a lien is extinguished ten years after the debt it secures becomes "wholly due."[9] The Trust contends that the mortgage secured by Shellpoint's deed of trust was accelerated and became wholly due—thus starting NRS 106.240's ten-year clock ticking—within a few weeks after the borrower stopped making his mortgage payments in July 2010. It theorizes that the borrower's default likely prompted the lender to send an unrecorded letter accelerating the debt "within 45 and 62

---

[5] ECF No. 1-1 (complaint). Although the Trust asserts claims for quiet title, slander of title, fraud/misrepresentation, rescission, and unjust enrichment, all of these causes of action are founded upon the factual theory that Shellpoint's deed of trust was extinguished by operation of NRS 106.240. *See* ECF No. 1-1 at ¶¶ 41–44, 48–49, 63, 72, 81, 89.

[6] ECF No. 38 (Shellpoint's second-amended answer and counterclaims).

[7] ECF No. 40 at 7.

[8] *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.* ("*Gotera*"), 507 P.3d 194, 195 (Nev. 2022).

[9] Nev. Rev. Stat. § 106.240.

days after" the default.[10]  So by September 2020, the Trust contends, the deed of trust securing that debt was extinguished by operation of law.[11]

But this phantom debt-acceleration-letter theory is legally untenable under recent, controlling case law.  Last year in *LV Debt Collect, LLC v. Bank of New York Mellon*, the Supreme Court of Nevada held that "a deed of trust can only be presumed satisfied under NRS 106.240 when ten years have passed after the last possible date the deed of trust is in effect, as shown by the maturity date on the face of the deed of trust or any recorded extension thereof, rather than a document like a Notice of Default that can sometimes have multiple iterations, recordings, rescissions, and other circumstances that would not give the clarity to property records this statute was designed to bring."[12]  And just three months ago in *Posner v. U.S. Bank*, the Court reaffirmed the *LV Debt Collect* principles and held that even language in a lender's "judicial-foreclosure complaint that could be construed as accelerating" a loan is "insufficient to trigger NRS 106.240's 10-year time frame."[13]

If even a recorded notice of default or judicial-foreclosure complaint can't trigger NRS 106.240's ten-year clock, surely an unrecorded acceleration letter or notice can't either, particularly one that the Trust merely imagines may have existed.[14]  The Ninth Circuit has so

---

[10] ECF No. 1-1 at 8.

[11] *Id.*

[12] *LV Debt Collect, LLC v. Bank of New York Mellon*, 534 P.3d 693, 699 (Nev. 2023).

[13] *Posner v. U.S. Bank*, 545 P.3d 1150, 1153 (Nev. 2024) (cleaned up).

[14] ECF No. 1-1 at 39–40 ("Upon information and belief, at the time that the Former Borrower breached his obligations under the Deed of Trust and associated loan, the Fannie Mae Single Family Servicing Guide required that its servicers deliver to the borrower an Acceleration or Breach letter within 45 and 62 days after the payment due date related to the borrower breach. Upon information and belief, Shellpoint, or its predecessors, caused an Acceleration or Breach Letter to be delivered to the borrower and thereby also caused the debt related to the Deed of

held. In *Daisy Trust v. Federal National Mortgage Association*, a Ninth Circuit panel expressly rejected this verbatim acceleration-by-letter claim from the very same attorney that represents the Trust here. Daisy Trust's case "rest[ed] on a bald allegation that Fannie Mae must have issued a Notice of Default 'not later than between 45 and 62 days" after the loan default, and "[w]hether or not such a notice was issued, the record clearly reflect[ed] that it was never recorded."[15] The district court dismissed, "holding that an unrecorded notice cannot trigger" NRS 106.240.[16] The Ninth Circuit panel affirmed in an unpublished memorandum disposition, concluding that whether the lender "issued an unrecorded acceleration notice . . . is legally irrelevant. Such a notice could not have rendered its debt 'wholly due.'"[17]

       The Trust acknowledges in its own allegations (and Shellpoint admits in its answer) that a loan modification was recorded for this loan in 2012.[18] That recorded loan-modification agreement extended the life of this mortgage and set its maturity date at August 1, 2049.[19] Nothing that the Trust has alleged or alluded to could accelerate that date under Nevada law, and its attempts to argue around the application of these recent decisions are unpersuasive.

---

Trust to be accelerated, per the Fannie servicing guidelines, after August 2, 2010, but before September 2, 2010.").

[15] *Daisy Trust v. Fed. Nat'l Mortg. Ass'n*, 2022 WL 847634, *1 (Mar. 24, 2022).

[16] *Id*.

[17] *Id*. at *2.

[18] ECF No. 1-1 at 8; ECF No. 38 at 6. I take judicial notice of the contents of this loan-modification agreement because it is recorded. *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.'") (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("a court may take judicial notice of matters of public record"). I also consider those contents because the document is incorporated by reference into the complaint and counterclaim by reference to its instrument number and recording date. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[19] ECF No. 40-4 at 3.

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[20]  Because the facts as alleged fail to state a plausible claim under binding Nevada law, Shellpoint is entitled to judgment as a matter of law on its quiet-title claim and on all of the Trust's claims.  And because I grant judgment on this basis, I need not and do not reach Shellpoint's alternative arguments.

## Conclusion

IT IS THEREFORE ORDERED that Newrez LLC fka New Penn Financial dba Shellpoint Mortgage Servicing's Motion for Judgment on the Pleadings **[ECF No. 40] is GRANTED**.  Defendant Newrez LLC fka New Penn Financial dba Shellpoint Mortgage Servicing is entitled to a partial judgment in its favor on all of the plaintiff's claims and on Newrez's first counterclaim for quiet title/declaratory relief.

However, the court will not yet direct entry of that judgment because this order does not resolve all pending claims.  Newrez's motion did not address its second through sixth claims for tortious interference with contractual relations, unjust enrichment, slander of title, abuse of process, and an equitable lien.[21]

Accordingly, **Newrez has until July 22, 2024, to file a notice** advising this court whether or how it intends to proceed with these remaining claims, **along with a separately filed, proposed partial final judgment** that contains all necessary language consistent with this ruling.

_____
U.S. District Judge Jennifer A. Dorsey
July 10, 2024

---

[20] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).
[21] *See* ECF No. 38 at 22–26.