ARIEL STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
PAIGE L. MAGASTER, ESQ.
Nevada Bar No. 15557
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: natalie.winslow@akerman.com
Email: paige.magaster@akerman.com

*Attorneys for NewRez LLC f/k/a New Penn
Financial d/b/a Shellpoint Mortgage Servicing*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEWREZ LLC f/k/a NEW PENN FINANCIAL d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>          Counter-claimant,<br>v.<br><br>TEAL PETALS ST TRUST; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>          Counter-defendants. | Case No.: 2:22-cv-00395-JAD-DJA<br>Consolidated with<br>Case No.: 2:23-cv-01839-JAD-DJA<br><br>**STIPULATION AND ORDER FOR WITHDRAWAL OF MOTION FOR SUMMARY JUDGMENT [ECF NO. 122] AND UNOPPOSED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL [ECF NO. 123] AND TO STRIKE MOTION FOR SUMMARY JUDGMENT [ECF NO. 122]** |
| NEWREZ LLC f/k/a NEW PENN FINANCIAL d/b/a SHELLPOINT MORTGAGE SERVICING,<br><br>          Plaintiff,<br>v.<br><br>IYAD HADDAD aka EDDIE HADDAD; RESOURCES GROUP, LLC; RESOURCES GROUP, LLC as Trustee of TEAL PETALS ST TRUST; 9863 DUBLIN VALLEY, LLC; SATICOY BAY LLC dba SATICOY BAY LLC SERIES 9863 DUBLIN VALLEY ST; SATICOY BAY LLC SERIES 9863 DUBLIN VALLEY ST; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>          Defendants. | ECF Nos. 122, 123, 131 |

79081945;1

NewRez LLC f/k/a New Penn Financial d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and Resources Group, LLC; Resources Group, LLC as Trustee of Teal Petals St. Trust; and 9863 Dublin Valley, LLC (collectively, "Defendants") stipulate as follows:

1. On November 14, 2024, Shellpoint and Defendants, along with the other parties to this action and the matter with which it is consolidated, submitted a proposed stipulated protective order for the Court's consideration, ECF No. 118.

2. On November 20, 2024, Defendants moved for summary judgment, ECF No. 122. Defendants filed their summary judgment motion under seal together with an unopposed motion for leave to file document under seal, ECF No. 123.

3. Later in the day on November 20, 2024, the Court entered an order on the proposed stipulated protective order, ECF No. 127 (**Protective Order**). The Protective Order grants the parties' stipulated protective order subject to certain modifications that address the procedural and substantive requirements for a motion to seal documents or information claimed to be confidential.

4. Shellpoint and Defendants agree the unopposed motion to seal Defendants' summary judgment motion, ECF No. 123, is deficient in that it does not fully address the applicable standard identified by the Court in its Order dated November 20, 2024. [ECF #127].

5. Shellpoint and Defendants therefore agree Defendants' summary judgment motion, ECF No. 122, shall be and hereby is withdrawn without prejudice. No opposition or reply in support shall be due in relation to the withdrawn summary judgment motion.

6. Shellpoint and Defendants further agree the unopposed motion to seal, ECF No. 123, shall be and hereby is withdrawn.

7. Additionally, having further discussed the documents and information sought to be sealed as well as Shellpoint's position that the total amount of the unpaid debt secured by the subject deed of trust was foreclosed upon at the sale on May 17, 2023, Shellpoint and Defendants agree the summary judgment motion shall be refiled under seal along with an unopposed motion to seal that conforms with the Protective Order.

. . .

. . .

1      8. This Court has inherent authority to manage its docket and thus discretion to strike improper or confidential documents from the record. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

    9. Defendants' motion for summary judgment, ECF No. 122, relies on a payoff statement and breaks down various amounts owed on the subject loan prior to foreclosure. It therefore contains confidential information that is protected under the Gramm-Leach Bliley Act (**GLBA**).[1] Shellpoint and Defendants accordingly agreed, at Shellpoint's request, to the filing of Defendants' summary judgment motion under seal; however, the request to seal is deficient under the subsequently entered Protective Order and thus functionally equivalent to no motion to seal having been filed.

    10. Defendants intend to refile substantially the same summary judgment motion under seal along with a motion to seal that complies with the Protective Order since Shellpoint and Defendants agreed to sealing of the summary judgment motion, upon the Court's approval, based on the NPI it contains, but the unopposed motion to seal is deficient under the Protective Order.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] The GLBA defines nonpublic information (**NPI**) as "personally identifiable information (i) provided by a consumer to a financial institution; (ii) resulting from any transaction with the consumer or any service performed for the consumer; or (iii) otherwise obtained by the financial institution." 15 U.S.C. § 6809(4)(A). Examples of NPI include "account balance information" and "payment history." 12 C.F.R. § 1016.3(q)(2)(i). NPI includes personally identifiable financial information such as the original principal balance, the borrower's name, loan number, interest rate, and repayment terms. 12 C.F.R. §§ 1016.3(p)(1)(i); 1016.3(q)(2)(i).

11. Additionally, because the Defendants' summary judgment motion as filed contains NPI and the corresponding unopposed motion to seal is deficient, and given that Defendants intend to refile substantially the same summary judgment motion and a proper motion to seal, Shellpoint and Defendants stipulate and jointly request that the Court strike Defendants' withdrawn motion for summary judgment, ECF No. 122, from the record. This will alleviate the possibility that information that Shellpoint views to be NPI will be made public before the Court rules on a proper motion to seal in accordance with the procedure set forth in the PO.

DATED this 6th day of December, 2024.

| **AKERMAN LLP** | **ROGER P. CROTEAU & ASSOCIATES, LTD** |
|---|---|
| /s/ Paige L. Magaster<br>ARIEL STERN, ESQ.<br>Nevada Bar No. 8276<br>NATALIE L. WINSLOW, ESQ.<br>Nevada Bar No. 12125<br>PAIGE L. MAGASTER, ESQ.<br>Nevada Bar No. 15557<br>1635 Village Center Circle, Suite 200<br>Las Vegas, NV 89134<br><br>*Attorneys for NewRez LLC f/k/a New Penn Financial d/b/a Shellpoint Mortgage Servicing* | /s/ Timothy E. Rhoda<br>ROGER P. CROTEAU, ESQ.<br>Nevada Bar No. 4958<br>TIMOTHY E RHODA, ESQ.<br>Nevada Bar No. 7878<br>2810 W. Charleston Boulevard, Suite 67<br>Las Vegas, NV 89102<br><br>*Attorneys for Teal Petals St Trust; Resources Group, LLC; Resources Group, LLC in its capacity as Trustee of Teal Petals St Trust; 9863 Dublin Valley, LLC* |

## **ORDER**

Based on the parties' stipulation [ECF No. 131] and good cause appearing, IT IS ORDERED that the unopposed motion to seal [ECF No. 123] is DEEMED WITHDRAWN, and the pending motion for summary judgment [ECF No. 122] is STRUCK--all without prejudice.

_____
**UNITED STATES DISTRICT COURT JUDGE**
DATED: 12/6/24 _____