**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Teal Petals St. Trust, | Case No. 2:22-cv-00395-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| NewRez, LLC fka New Pen Financial dba Shellpoint Mortgage Servicing, et al. | |
| Defendants. | |
| And related counterclaims. | |

| |
|---|
| NewRez, LLC fka New Penn Financial dba Shellpoint Mortgage Servicing, |
| Plaintiff, |
| v. |
| Iyad Haddad aka Eddie Haddad; Resources Group, LLC; Resources Group, LLC as Trustee of Teal Petals St. Trust; 9863 Dublin Valley, LLC; Saticoy Bay LLC dba Saticoy Bay LLC Series 9863 Dublin Valley St.; Saticoy Bay LLC Series 9863 Dublin Valley St.; et al., |
| Defendants. |

## I.    Introduction.

This case is a remnant of Nevada's foreclosure crisis in which real estate investors like Iyad Haddad aka Eddie Haddad and his numerous entities snapped up homes for pennies on the dollar after the owners defaulted on their homeowner-association ("HOA") assessments.[1]  The

---

[1] These summary of facts are derived from prior orders and the complaints in these consolidated cases and are not intended to be findings of fact.

Court has previously outlined the facts in this case and will not do so again here except to explain that one of Shellpoint's[2] theories is that Haddad controls certain party entities (which, together with Haddad, the Court refers to as "Defendants"[3] for the purposes of this order) and improperly used those entities to prevent Shellpoint from foreclosing on its deed of trust securing a $340,000.00 home mortgage.  Shellpoint theorizes that Defendants are alter egos of one another and have aided and abetted one another in achieving their goal of keeping Shellpoint from foreclosing.

In July of 2024, Shellpoint served requests for production, interrogatories, and requests for admission on Defendants, which discovery requests were intended to support Shellpoint's alter ego and aiding and abetting theories.  (ECF No. 71 at 2-3); (ECF No. 74 at 2).  Defendants responded to the requests for production, but not the interrogatories or requests for admission. (ECF No. 86 at 8).  Defendants sought a protective order preventing them from responding further to the requests for production and from responding to the interrogatories and requests for admission, claiming the discovery was irrelevant and overbroad and proposed posting a $240,000.00 bond in lieu of responding to the discovery.  (ECF No. 71).  The Court denied this motion, ordered Defendants to respond to Shellpoint's discovery requests, and granted Shellpoint's countermotion to compel Defendants to respond to Shellpoint's requests for production.  (ECF No. 125).

Shellpoint now moves for sanctions, arguing that Defendants' supplemental responses to Shellpoint's discovery requests are either deficient or that Defendants have decided to improperly object and not respond.  (ECF No. 144).  Defendants argue that they do not need to further respond to Shellpoint's discovery requests because the Defendants have stipulated that they are "jointly and severally liable to Shellpoint for any damages that may be awarded in this action against any one or more of them."  (ECF Nos. 139, 151).  So, Defendants assert that "Shellpoint

---

[2] This refers to NewRez LLC fka New Penn Financial dba Shellpoint Mortgage Servicing.

[3] This refers to Resources Group, LLC; Resources Group, LLC as Trustee of Teal Petals St. Trust; 9863 Dublin Valley, LLC; Saticoy Bay LLC; Saticoy Bay LLC Series 9863 Dublin Valley St.; and Iyad Haddad aka Eddie Haddad.

has been relieved of its obligation to prove that any Defendant is an alter ego of any other

Defendant" and, as a result, Shellpoint's discovery requests seek irrelevant information.  (ECF

Nos. 139, 151).

      The Court is not convinced by Defendants' arguments.  While the Court's order did not

prohibit Defendants from objecting to discovery where appropriate, the Court did reject

Defendants' arguments that Shellpoint's discovery requests—directed to alter ego and aiding and

abetting theories of liability—were irrelevant and would be rendered unnecessary by a

$240,000.00 bond.  (ECF No. 125).  Defendants' new argument—that discovery directed to alter

ego and aiding and abetting theories of liability are irrelevant and rendered unnecessary by

Defendants' stipulation—is a form of its prior argument and fails for the same reasons.  The

Court does not find that Defendants' stipulation alleviated them of their Court-ordered obligation

to respond to Shellpoint's discovery requests.  So, that was not a basis for the Defendants to

object to Shellpoint's discovery requests.  Where they have done so Defendants have violated the

Court's order.

      Shellpoint suggests that the Court find that Defendants' failure to obey the discovery order

is civil contempt, impose an attorney fee sanction for all the amounts Shellpoint has incurred and

will incur as a result of Defendants' failure, and to recommend striking Defendants' answers and

entering a default judgment against them.  Alternatively, Shellpoint requests that the Court order

the allegations supporting its alter ego and civil aiding and abetting theories established (or

prohibit Defendants from opposing such theories), stay proceedings until Defendants comply with

the discovery order, and admonish Defendants and their counsel.

## II.    Legal standard.

      Federal Rule of Civil Procedure 37(b)(2)(A) provides that the Court may order certain

sanctions for a party's failure to comply with a discovery order.  These sanctions include,

amongst other things, the Court entering "further just orders," directing that certain facts be taken

as established for the purposes of the action, prohibiting the disobedient party from opposing

designated claims, striking pleadings, staying proceedings until the order is obeyed, and rendering

default.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i), (ii), (iii), (iv), (vi).  The Court may also order the

disobedient party to pay the reasonable expenses caused by the party's failure to comply.  *See* Fed. R. Civ. P. 37(b)(2)(C).  Before entering a case dispositive sanction under Rule 37(b)(2), the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  The Court may find a party in civil contempt if the moving party has shown by clear and convincing evidence that the contemnor has violated a specific and definite order of the court and the contemnor does not meet their burden of showing why they were unable to comply.  *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.2d 693, 695 (9th Cir. 1993).  A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained.  *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016).

## III.    Analysis.

Here, the Court finds that certain of Shellpoint's alternative sanctions are appropriate. The Court declines to enter contempt sanctions because Shellpoint's requested civil contempt attorney fee sanctions seek sanctions they may incur in the future.  The Court declines to speculate on these sanctions.  And the Court finds attorney's fees sanctions appropriate under Rule 37(b)(2)(C), so compensatory civil contempt sanctions would be redundant.  The Court also declines to recommend striking Defendants' answers because lesser sanctions are available. Finally, the Court declines to find Shellpoint's alter ego and civil aiding and abetting theories established or to prohibit Defendants from opposing such theories.  The Court will be requiring Defendants to respond to Shellpoint's discovery, with which responses Shellpoint may support its theories.  While Shellpoint speculates that Defendants may have destroyed documents that would prove these theories, that is only speculation and not a reason for the Court to grant Shellpoint's requested sanctions.

The Court will, however, stay discovery deadlines in this matter and give Defendants forty-five days to amend their responses to Shellpoint's discovery requests. Defendants may not object on relevance grounds. The Court will further require Defendants to pay Shellpoint's attorney's fees incurred in bringing the motion for sanctions and for meeting and conferring with Defendants leading up to the motion for sanctions.

**IT IS THEREFORE ORDERED** that Shellpoint's motion for sanctions (ECF No. 144) is **granted in part and denied in part** as outlined herein. It is granted insofar as the Court will stay discovery in this matter until Defendants amend their responses to Shellpoint's discovery requests and will require Defendants to pay Shellpoint's attorney's fees incurred in bringing this motion for sanctions and for meeting and conferring with Defendants leading up to it. It is denied in all other respects.

**IT IS FURTHER ORDERED** that discovery deadlines in this matter are **stayed** until **December 1, 2025.**

**IT IS FURTHER ORDERED** that Defendants have until **October 13, 2025,** to provide their amended responses to Shellpoint's discovery requests. Defendants may not object to those requests on relevance grounds.

**IT IS FURTHER ORDERED** that Defendants and Shellpoint must meet and confer and attempt to stipulate to the amount of sanctions Defendants must pay to Shellpoint. This stipulation must be filed on or before **October 13, 2025.**

**IT IS FURTHER ORDERED** that, on or before **December 1, 2025,** the parties must file a stipulation lifting the stay of discovery, proposing renewed deadlines as necessary, and informing the Court whether Shellpoint intends to file any further motions related to Defendants' discovery responses.

DATED: August 28, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE