# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

New Rez LLC,

      Plaintiff

v.

Iyad Haddad, et al.,

      Defendants

_____

And all other claims and parties

Case No.: 2:22-cv-00395-JAD-DJA

**Order Overruling Objections to Magistrate Judge's Discovery Order**

[ECF No. 173]

The defendants in this consolidated case object to the magistrate judge's August 28, 2025, order compelling them to produce discovery related to the relationships between defendant Iyad Haddad and his various corporate entities.  Plaintiff New Rez LLC d/b/a Shellpoint Mortgage Servicing seeks this information to prove its alter-ego and aiding-and-abetting theories of liability, but the defendants argue that the information is irrelevant because they have stipulated that they will be held joint and severally liable for any damages that may be awarded against them.  The defendants haven't shown that the magistrate judge's determinations were factually inaccurate or contrary to law, so I overrule the objections, affirm the magistrate judge's ruling, and refer this matter back to the magistrate judge to determine if steps must be taken to get this case back on track.

**Background[1]**

This discovery dispute started in September 2024, when the defendants moved for a protective order against Shellpoint's discovery requests seeking information about the structure, financial states, and relationships between defendant Iyad Haddad and several of his corporate entities that are also defendants in this case. Shellpoint contended that this information was relevant to its ability to prove its alter-ego and aiding-and-abetting theories of liability for its unjust-enrichment and abuse-of-process claims. The defendants argued that Shellpoint's discovery was aimed at determining which of the many defendant entities "are liable for Shellpoint's damages" and offered to post a $240,000 bond to "provide a ready source for obtaining any damages" while obviating Shellpoint's need to rely on its liability theories.[2]

The magistrate judge rejected the defendants' proposal and compelled responses to Shellpoint's requests.[3] He noted that "alter ego and aiding and abetting are not theories of *recovery* but are theories of *liability* on which [Shellpoint] is entitled to conduct discovery."[4] He concluded that Shellpoint's discovery requests were designed "to support its claim that the Haddad Entities worked together to manipulate the legal process to delay Shellpoint's foreclosure and so, Shellpoint's discovery regarding the relationships between the parties is relevant."[5]

---

[1] I recount the history of this case only as it relates to the discovery dispute at issue. The parties are well aware of the underlying facts.

[2] ECF No. 125 at 4.

[3] *Id.* at 4–9.

[4] *Id.* at 4.

[5] *Id.*

Undeterred, the defendants then offered to stipulate that each defendant is joint and severally liable for any damages to which Shellpoint is entitled in exchange for dropping the discovery requests.  Shellpoint refused, so the defendants entered a stipulation between themselves on the record, in which they agreed "that each of them is and shall be jointly and severally liable to Shellpoint for any damages that may be awarded in this action against any one or more of them."[6]  The defendants then objected to Shellpoint's discovery requests again, and Shellpoint moved for sanctions for the defendants' failure to comply with the magistrate judge's order.[7]  The defendants argued that the discovery was irrelevant because they agreed that they would be jointly and severally liable for any damages.

The magistrate judge once again rejected the defendants' argument and compelled discovery.[8]  He held that the stipulation argument is merely "a form of its prior argument" offering to provide a surety bond to cover damages "and fails for the same reasons."[9]  He thus concluded that the defendants' stipulation did not absolve "them of their court-ordered obligation to respond to Shellpoint's discovery requests."[10]  So the magistrate judge again ordered the defendants to respond to discovery and ordered them to pay Shellpoint's attorneys' fees "incurred in bringing this motion for sanctions and for meeting and conferring with [the] [d]efendants leading up to it."[11]

---

[6] ECF No. 139.

[7] ECF No. 144.

[8] ECF No. 172.

[9] *Id.* at 3.

[10] *Id.*

[11] *Id.* at 5.

The defendants did not object to the magistrate judge's first order compelling discovery. But they object to the second order, arguing that their joint-and-several-liability stipulation materially changed the discovery calculus and that the magistrate judge clearly erred by failing to agree.[12]  Shellpoint responds that the defendants don't come close to reaching the high bar for overturning a magistrate judge's discovery ruling.[13]

**Discussion**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[14]  This standard of review "is significantly deferential" to a magistrate judge's determination.[15]  A district court may overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[16] or a relevant statute, law, or rule has been omitted or misapplied.[17]

The defendants argue that the stipulation among themselves to be joint and severally liable for any damages makes Shellpoint's discovery requests "completely unnecessary" and irrelevant.[18]  They theorize that the stipulation makes this case easier for Shellpoint because

---

[12] ECF No. 173.

[13] ECF No. 179.

[14] L.R. IB 3-1(a).

[15] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[16] *Id.* (internal quotation marks omitted).

[17] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[18] ECF No. 173 at 8.

4

"Shellpoint need only prove that any one defendant is liable for either unjust enrichment or abuse of process and all of the remaining defendants will be equally liable."[19]

The defendants do not meet their burden of showing that the magistrate judge's rejection of their arguments was clearly erroneous or contrary to law.  The magistrate judge correctly distinguished between Shellpoint's *theories of liability*—alter ego and aiding and abetting—and the defendants' attempts to simplify *recovery*—through offering a surety bond or stipulating that each defendant is joint and severally liable for damages.  Shellpoint must first be able to prove its entitlement to damages before joint and several liability becomes relevant, and Shellpoint is entitled to make that proof through theories that the defendants may not like.  Shellpoint has alleged that the defendants abused the legal process through Haddad's manipulation and control of the defendant entities "to advance his own pecuniary interests and the interests of his real estate empire."[20]  Shellpoint cannot attempt to prove that the defendants engaged in that conduct simply because they agreed to be held jointly and severally liable.

The defendants also contend that "no good cause exists to sanction" them, arguing that they "entered into the stipulation making themselves jointly and severally liable for the purposes of saving all parties significant resources, including Shellpoint," and did so in good faith.[21]  But the defendants were subject to a court order compelling their discovery responses.  Instead of objecting to that order or seeking court intervention on the basis of this new attempt to avoid their discovery obligations, they took matters into their own hands, entered a stipulation among themselves, and then determined that they didn't need to comply with the court's order.  That

---

[19] *Id.* (cleaned up).

[20] ECF No. 179 at 11.

[21] ECF No. 173 at 16 (cleaned up).

conduct reeks of bad faith, and the magistrate judge didn't clearly err by requiring the defendants to pay the costs Shellpoint expended to compel their responses a second time. So I overrule the defendants' objections and affirm the magistrate judge's order in its entirety.

**Conclusion**

IT IS THEREFORE ORDERED that the defendants' objection to the magistrate judge's order compelling discovery and awarding sanctions **[ECF No. 173] is OVERRULED**, and the magistrate judge's order is AFFIRMED. This matter is REFERRED back to the magistrate judge for any rulings or orders necessary to get this four-year-old case back on track.

_____
U.S. District Judge Jennifer A. Dorsey
April 9, 2026

6